UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICKIE ANDREW BINNS, #143163,

                Petitioner,

v.                              CIVIL ACTION NO. 2:06cv285

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

On February 18, 2004, Petitioner, Rickie Andrew Binns ("Binns"), was convicted in the Circuit Court for the City of Richmond ("Circuit Court") of burglary and grand larceny.[1]  After a sentencing hearing on May 12, 2004, Binns was sentenced to a

---

[1]Binns was represented at trial and at the subsequent sentencing hearing by his court-appointed counsel Linda Scott, Esq. ("Attorney Scott").  Thereafter, Binns was represented in his direct appeals by his court-appointed counsel Gregory W. Franklin, Esq. ("Attorney Franklin").

total of fourteen (14) years imprisonment, of which four (4) years were suspended, as reflected in the court's sentencing order dated May 21, 2004.

On September 13, 2004, Binns filed a petition for appeal in the Court of Appeals of Virginia ("Court of Appeals").[2]   On November 24, 2004, based upon the recommendation of a single judge of the Court of Appeals, an appeal was granted to Binns.   Record No. 1340-04.2 (per curiam) ("Binns I").   Following the receipt of briefs by the parties, and argument before a three-judge panel, the Court of Appeals affirmed Binns's convictions in an unpublished opinion dated, April 19, 2005.[3]   Record No. 1340-04.2 ("Binns II").

On May 9, 2005, Binns appealed his convictions to the Supreme Court of Virginia.[4]   On August 22, 2005, the Supreme Court of Virginia summarily refused the petition for appeal.   Record No. 050969 ("Binns III").   Binns did not file a petition for certiorari in the United States Supreme Court.

---

[2] In that petition, Binns raised a single ground for appeal, namely that the evidence was insufficient to prove that Binns was the criminal agent in the burglary and grand larceny so as to support the guilty verdicts.

[3] In so doing, the Court of Appeals determined that the testimony of Binns himself, and the evidence adduced at trial, was sufficient to identify Binns as the perpetrator of the crimes. Binns II, at 1.

[4] The sole ground for this appeal was the same as that presented to the Court of Appeals. See supra, note 2.

On September 14, 2005,[5] Binns filed a <u>pro se</u> petition for a writ of habeas corpus in the Supreme Court of Virginia ("state habeas petition"), but he challenged only the grand larceny conviction.[6]  The Supreme Court of Virginia dismissed the petition by order, dated April 17,2006.[7]  Record No. 052058 ("<u>Binns III</u>").

_____

[5]The petition appears to have been executed by Binns on September 14, 2005, but it was not stamped as filed by the court until October 7, 2005.  The Court notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing."  Va. Sup. Ct. R. 3A:25.  In the absence of evidence to the contrary, the Court has applied this rule in considering Binns's state habeas petition as filed on September 14, 2005.

[6]In that petition, Binns raised the following grounds:
(a) Ineffective assistance of counsel for moving the trial court, at the close of all the testimony, to dismiss a charge of petit larceny and to proceed on the grand larceny charge, when Binns was only guilty of petit larceny;
(b) Ineffective assistance of counsel for moving the trial court to dismiss the petit larceny charge because the trial court's instruction on this point "tainted the minds of the jury"; and
(c) He is actually innocent of the charge of grand larceny (though he admits to being guilty of petit larceny).

[7]In dismissing the petition, the Supreme Court of Virginia determined that grounds (a) and (b) of Binns's petition failed under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), for the following reasons:
1. As to ground (a), counsel was not ineffective because the record established that in the challenged motion, which was actually made after the conclusion of the Commonwealth's evidence, trial counsel properly sought to strike the petit larceny charge <u>or</u> to combine it with the grand larceny charge under the "continuing larceny doctrine" since the two offenses were predicated on the theft of the "same items being taken on the same date from the home of the two victims."  <u>Binns III</u>, at 2.  The court also found that the trial court granted defense counsel's motion and properly instructed the jury to consider the taking of the property under a single indictment, and that the jury was further properly

On May 16, 2006, while in the custody of the Virginia Department of Corrections at the Greensville correctional Center, Binns executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("federal petition").[8]   The

───────────────

instructed that if it found the value of the property taken to be less than $200, it could find Binns guilty of no more than petit larceny.  Id.  Because the court found that the record established Binns was caught in possession of stolen property valued at approximately $500, the court found that Binns had failed to establish counsel's performance was deficient under Strickland or that, but for counsel's alleged errors, there was a reasonable likelihood of a different outcome under Strickland.  Id.; and

2. As to ground (b), counsel was not ineffective because the record established that upon granting the motion to strike the petit larceny charge or to combine it with the grand larceny charge under the "continuing larceny doctrine," the trial court properly instructed the jury on the grand larceny charge as well as the lesser-included offense of petit larceny.  Id. at 3.  The court further found that Binns had failed to establish a factual basis for his allegation that the jury was "tainted" by the trial court's instruction, thus Binns had failed to establish counsel's performance was deficient under Strickland or that, but for counsel's alleged errors, there was a reasonable likelihood of a different outcome under Strickland.

As to ground (c), the Supreme Court of Virginia held that "assertions of actual innocence are outside the scope of habeas corpus review, which concerns only the legality of the petitioner's detention." Binns III, at 3 (citing Lovitt v. Warden, 266 Va. 216, 259 (2003)).

[8]The federal petition was executed on May 16, 2006, was received by the United States District Court for the Eastern District of Virginia, Richmond Division, on May 18, 2006, and was conditionally filed with this Court on May 23, 2006, since it was not accompanied by either the $5.00 filing fee or a request to proceed in forma pauperis.  Subsequently, Binns paid the required $5.00 filing fee, and the Court directed the petition to be filed in its order of June 22, 2006.  Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d), as amended on December 1, 2004, the Court recognizes the prison mailbox rule for federal habeas petitions.  Accordingly, as there is no evidence in the record to the contrary, the Court will assume that Binns delivered his federal habeas petition for mailing on the

Court directed that this petition be filed in its order of June 22, 2006.  On July 17, 2006, Respondent filed Respondent's Rule 5 Answer and Motion to Dismiss, accompanied by a supporting brief ("Respondent's Brief"), and a Notice of Motion Pursuant to Local Rule 7(K).  On August 4, 2006, the Court received Binns's brief in response to Respondent's Motion to Dismiss ("Binns's Response").

## B. **Grounds Alleged**

Binns now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

(1)  Ineffective assistance of counsel for moving the trial court, at the close of all the testimony, to dismiss a charge of petit larceny and to proceed on the grand larceny charge, when Binns was only guilty of petit larceny;

(2)  Ineffective assistance of counsel for moving the trial court to dismiss the petit larceny charge because the trial court's instruction on this point "tainted the minds of the jury"; and

(3)  He is actually innocent of the charge of grand larceny (though he admits to being guilty of petit larceny).

Binns asserted these very same claims in his state habeas petition; claims 1 and 2 were rejected on the merits by the Supreme Court of Virginia, while claim 3 was rejected by the Supreme Court of Virginia as being not cognizable in habeas.  <u>Binns III</u>, at 2-3.

---

date he signed it, May 16, 2006.  Further, the Court considers the petition as being filed, for statute of limitations purposes, on that date.

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>[9]

### A. Exhaustion Requirement

Ordinarily, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b) and (c); <u>Picard v. Conner</u>, 404 U.S. 270, 275 (1971). As such, this Court cannot grant habeas relief unless the petitioner has exhausted the remedies available to him in the courts of Virginia. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). "Section § 2254(c) requires only that state prisoners give state courts a <u>fair</u> opportunity to act on their claims." <u>Id.</u> at 844. (emphasis in original). A petitioner has to present the substance of each claim during state proceedings. <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997). A petitioner also "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan</u>, 526 U.S. at 845. If a claim has been addressed by the state's highest court on either direct or collateral review, it is exhausted. <u>Id.</u> at 844 (citing <u>Brown v. Allen</u>, 344 U.S. 443, 447 (1953). The Court notes that it is Binns's burden to prove that his claims have been

---

[9]The Court notes that Binns has not specifically requested an evidentiary hearing, but, in any event, the Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. <u>See</u> Rule 8 of the Rules Governing Section 2254 Cases.

exhausted.  Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).
If his claims could not be exhausted in state court because they
were procedurally barred in state court pursuant to an adequate and
independent state procedural rule, the claims are procedurally
defaulted in federal court and federal habeas review is ordinarily
barred.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

In the instant case, Respondent concedes that Binns's claims
are exhausted because he previously raised them in the Supreme
Court of Virginia.[10]  Respondent's Brief, at 4.  The Court concurs
and therefore FINDS that each of Binns's claims are exhausted  and
should be addressed herein.[11]

---

[10]The Court notes that in addition to conceding that all of
Binns's claims have been exhausted, Respondent's Brief, at 4,
Respondent also alleges that Binns failed to exhaust his state
remedies on the actual innocence claim, Id. at 10-11.  The Court
does not consider this allegation since it appears that Binns
raised the actual innocence claim as claim (c) in his state habeas
petition.  See supra notes 6-7.

[11]The Court notes that Respondent has not addressed whether
Binns's Federal Petition was timely filed.  It appears that Binns's
conviction became final on November 20, 2005, which was ninety (90)
days after the denial of his direct appeal on August 22, 2005 by
the Supreme Court of Virginia and the date upon which the period
for seeking direct review of his conviction by the United States
Supreme Court expired.  See U.S. Sup. Ct. R. 13(1); Harris v.
Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Accordingly,
Binns had a one (1) year statute of limitations from that date, or
until November 26, 2005, in which to file his habeas petition with
this Court.  28 U.S.C. § 2244(d)(1).  Because the instant federal
petition was considered as filed on May 16, 2006, for statute of
limitations purposes, see supra note 8, it was timely filed in this
Court.

**B.   Claims Rejected on the Merits in State Proceedings**

The Court now considers claims 1 and 2 of Binns's federal petition on the merits.

### 1. Merits Analysis

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).  In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000).  See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[].") Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has

8

been violated." <u>Williams</u>, 529 U.S. at 387. Moreover, "[a] federal
habeas court may not issue the writ simply because that court
concludes in its independent judgment that the relevant state-court
decision applied clearly established federal law erroneously or
incorrectly.  Rather, that application must also be [objectively]
unreasonable." <u>Id.</u> at 411.

### 2. Claims 1 and 2: Ineffective Assistance of Counsel

In claims 1 and 2, Binns has asserted ineffective assistance
of counsel.  The controlling standard for such claims is set forth
in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  As such, to
grant Binns relief on his claims, this Court must find that the
state court's dismissal of those claims involved an unreasonable
application of <u>Strickland</u>.  Under <u>Strickland</u>, the state court was
required to subject Binns's claim to a two-prong test in which the
petitioner must prove both ineffective assistance (incompetence)
and prejudice.  <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381 (1986).
To grant relief, the state court had to find: (1) Binns's lawyer's
performance fell below the range of competence demanded of lawyers
in criminal cases, <u>Strickland</u>, 466 U.S. at 690; and (2) there is a
reasonable probability that, but for the deficient performance by
counsel, the ultimate result would have been different, <u>id.</u> at 694.

When assessing counsel's performance under <u>Strickland</u>'s first
prong, the Supreme Court has stressed that the constitutional
guarantee of effective assistance of counsel seeks only to "ensure

that criminal defendants receive a fair trial," and not to "improve the quality of legal representation." Id. at 689. The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690-91; Kimmelman, 477 U.S. at 381. Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, Kimmelman, 477 U.S. at 386, and avoid "Monday morning quarterbacking." Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991); see also Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the Strickland analysis presents an equally rigorous standard. To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's error had "some conceivable effect" on the outcome of the case. Strickland, 466 U.S. at 693. Rather, the petitioner must

demonstrate "a reasonable probability[12] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As with the first prong, the reviewing court must consider the totality of the evidence before it in conducting the prejudice inquiry. Id. at 695.

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order. Strickland, 466 U.S. at 697. The court need not even address both prongs if the petitioner fails to make a sufficient showing on one. Id. When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim. See id.

### a.  Claim 1

In claim 1, Binns asserts that counsel was ineffective for moving the trial court, at the close of all the testimony, to strike the petit larceny charge and to proceed on the grand larceny charge. Federal petition, at 6. Specifically, Binns argues that "because he was in 'exclusive possession' only of a jar of change that belonged to the victim of the burglary [and that had a value of less than $200]," and he was not in possession of other items found outside the victim's home, he could not have been guilty of

---

[12]The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

grand larceny.  Id.  Binns does, however, concede that he was guilty of petit larceny based on the value of the jar of change. Id.  Accordingly, Binns argues that counsel was ineffective for not arguing that the evidence at trial failed to prove Binns was guilty of grand larceny, and counsel was ineffective in electing to proceed with the grand larceny charge.

In the instant case, the Supreme Court of Virginia rejected Binns's ineffective assistance of counsel claims on the merits, citing Strickland v. Washington, 466 U.S. 668 (1984).  Accordingly, this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."  See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Little, 196 F.3d 1174, 1178 (10th Cir. 1999)).

The Supreme Court of Virginia found, based on its review of the record, that Binns failed to satisfy either prong of Strickland for this claim because he did not demonstrate that "counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different."  Binns III, at 2. Specifically, the Supreme Court of Virginia first found that the challenged motion was actually made after the conclusion of the Commonwealth's evidence, as opposed to at the conclusion of all the

evidence as Binns asserted.[13]   _Id._   The court found that in making the motion, trial counsel sought to strike the petit larceny charge _or_ to combine it with the grand larceny charge under the "continuing larceny doctrine," which was not improper since the two offenses were predicated on the theft of the "same items being taken on the same date from the home of the two victims."[14]   _Binns III_, at 2.   The court further found that the trial court granted defense counsel's motion, which had the effect of setting aside the misdemeanor warrant underlying the petit larceny charge, and the trial court then properly instructed the jury to consider the taking of the property under the grand larceny indictment.[15]   _Id._

---

[13]The Supreme Court of Virginia did find, however, that at the close of all the evidence, trial counsel did move the court, albeit unsuccessfully, to strike the Commonwealth's case based on insufficiency of the evidence.   _Binns III_, at 2.

[14]In making the motion, trial counsel noted for the court that Binns was charged by way of a misdemeanor warrant, supporting the petit larceny charge, and also by an indictment, supporting the grand larceny charge, but that both charges were related to "the same time on the same day with the same offense."   Trial Transcript, at 48.

[15]Specifically, the trial court admonished the jury, as follows:

> Ladies and gentlemen, when we started this morning, from your standpoint, I read you two indictments and a misdemeanor warrant.   I pointed out to you that the . . . second indictment was in regard to stealing property of [sic] having a value of $200 or more, and the third was a misdemeanor warrant having to do with the larceny of property belonging to [the victim].
> In view of the evidence that's before you

The jury was then further properly instructed that if it found the value of the property taken to be less than $200, it could find Binns guilty of no more than petit larceny.[16]   Id.   Because the court found that the record established Binns was caught in possession of stolen property valued at approximately $500, the court found that Binns had failed to establish counsel's performance was deficient under Strickland or that, but for counsel's alleged errors, there was a reasonable likelihood of a different outcome under Strickland.   Id.

Because the state court clearly articulated the rationale

---

that in effect the property was taken at the same time in one burglary I'm going to set aside the misdemeanor warrant and have you ladies and gentlemen consider the larceny, that is the taking of the property under one indictment.

Trial Transcript, at 50-51.

[16]Specifically, the trial court instructed the jury, as follows:

[Jury Instruction] No. 15. The defendant is charged with the crime of grand larceny. . . . . If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged then you shall find the defendant guilty of grand larceny.
If the only element which the Commonwealth has failed to prove beyond a reasonable doubt is that the value of the property was $200 or more, then you shall find the defendant guilty of petit larceny.

Trial Transcript, at 77-78.

behind its ruling, an independent review of the record is not necessary.  See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale appears to be a reasonable application of Strickland v. Washington, 466 U.S. 668 (1984), which provides the controlling standard in ineffective assistance of counsel claims.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Binns has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this Court RECOMMENDS that claim 1 be DENIED.

### b.  Claim 2

In claim 2, Binns further asserts that counsel was ineffective for moving to strike the petit larceny charge, and that the resulting instruction by the trial court on this point "tainted the minds of the jury."  Federal petition, at 7.  Specifically, Binns argues that after the trial court granted the motion to strike the

petit larceny charge, trial counsel failed to adequately argue to the jury that the "grand larceny [charge] was [not] the only option if conviction was to be had." Id.

The Supreme Court of Virginia rejected Binns's ineffective assistance of counsel claim on the merits, under Strickland, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (citations omitted).

The Supreme Court of Virginia considered this claim and found, based on its review of the record, that Binns failed to satisfy either prong of Strickland. Binns III, at 3. The court found that the trial court, having granted defense counsel's motion to strike the petit larceny charge, properly instructed the jury on grand larceny along with the lesser-included offense of petit larceny. Id. The court further found that Binns had "failed to articulate a factual basis for his allegations that the jury was 'tainted' by the [jury] instructions." Id.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly

established federal law.  On its face, the state court's rationale appears to be a reasonable application of Strickland, which provides the controlling standard in ineffective assistance of counsel claims.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Binns has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this Court RECOMMENDS that claim 2 be DENIED.

### C. **Actual Innocence Claim**

In claim 3, Binns alleges that he is actually innocent of the crime of grand larceny, though he concedes his guilt to the crime of petit larceny.  Federal petition, at 9.  Specifically, Binns asserts that he was guilty of taking a jar of change only, which he asserts was valued under $200, and that the Commonwealth's evidence did not establish he was in "exclusive possession" of any other property belonging to the victims.  Id.  The Supreme Court of Virginia rejected this claim on the basis that "assertions of actual innocence are outside the scope of habeas corpus review, which concerns only the legality of the petitioner's detention." Binns III, at 3 (citing Lovitt v. Warden, 266 Va. 216, 259 (2003)).

This claim is not cognizable in federal habeas because an

17

assertion of actual innocence is not an independent constitutional claim, but instead is a gateway for allowing review of procedurally defaulted claims.  O'Dell v. Netherland, 95 F.3d 1214, 1216 (4th Cir. 1996) aff'd, 521 U.S. 151 (1997).  The fact that a petitioner may be actually innocent of a conviction is ordinarily not a basis for relief under § 2254.[17]  Herrera v. Collins, 506 U.S. 390, 417 (1993) (traditional remedy for claims of actual innocence is executive clemency); Royal v. Taylor, 188 F.3d 239, 243 (4th Cir. 1999) (Because federal habeas relief exists to correct constitutional defects, not factual errors, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); see also Townsend v. Sain, 372 U.S. 293, 317 (1963) (recognizing that federal court will not hear claim that newly-discovered evidence demonstrates innocence).

In the instant case, Binns's claim of actual innocence relies

---

[17]However, such relief may be available in capital cases if the petitioner can make "a truly persuasive demonstration of 'actual innocence.'"  Herrera, 506 at 417.

Further, in those cases in which the federal courts have entertained claims of actual innocence, the courts have held that a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  Moreover, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Id. at 327.  Indeed, "[b]ecause such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  Id. at 324.

on the identical claims made in his state habeas petitions; he presents no new or newly-discovered evidence.  Moreover, the Court has determined that in asserting this claim of actual innocence Binns is essentially arguing the insufficiency of the evidence at trial to sustain his conviction for grand larceny – the essence of which has been presented to, and reviewed by the state courts in Binns's direct appeals, first, by the Court of Appeal of Virginia in <u>Binns I</u> and <u>Binns II</u>, and then by the Supreme Court of Virginia in <u>Binns III</u>, and on each occasion the state courts found that the evidence was sufficient to support the guilty verdict. Accordingly, this Court will not review this claim and RECOMMENDS that the claim be DENIED.

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court, having determined that claims 1 and 2 are without merit, and that claim 3 is not cognizable in federal habeas, recommends that Binns's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Binns's claims be DISMISSED WITH PREJUDICE.

Binns has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b).

2.  A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

Entered on January 23, 2007

_____/s/_____<br>
F. Bradford Stillman<br>
United States Magistrate Judge

20

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

Rickie Andrew Binns, #143163
Greensville Correctional Center
901 Corrections Way
Jarratt, VA  23829
PRO SE

Alice T. Armstrong, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219


                              Fernando Galindo,
                              Acting Clerk of Court


                    By: _____
                         Deputy Clerk

                         January   , 2007